**ERIK S. SYVERSON (SBN 221933)**
esyverson@raineslaw.com
**STEVEN T. GEBELIN (SBN 261507)**
sgebelin@raineslaw.com
**RAINES FELDMAN LLP**
9720 Wilshire Boulevard, 5th Floor
Beverly Hills, California 90212
Telephone:  (310) 440-4100
Facsimile:    (310) 691-1943

Attorneys for Plaintiff
OPTIMA TAX RELIEF, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTIMA TAX RELIEF, LLC, a Delaware Limited Liability Company<br><br>                    Plaintiff,<br><br>          v.<br><br>FINANCIAL FREEDOM ADVISORS, LLC, an Illinois Limited Liability Company, SAFE HARBOR FINANCIAL CONSULTING, LLC, an Illinois Limited Liability company, BROCK FLAGSTAD, an individual, BRIAN BARSS, an individual and DOES 1 through 10, inclusive;<br><br>                    Defendants. | Case No. 8:15-cv-1327<br><br>**COMPLAINT FOR:**<br><br>1.  **Trade Dress Infringement [15 U.S.C. § 1125(a)];**<br>2.  **Direct Copyright Infringement [17 U.S.C. § 106];**<br>3.  **Contributory Trade Dress Infringement [15 U.S.C. § 1125(a)];**<br>4.  **Derivative Copyright Infringement;**<br>5.  **Unfair Competition [15 U.S.C. § 1125(a)];**<br>6.  **Unfair Business Practices [Cal. Bus. Code § 17200, *et seq*.]; and**<br>7.  **False Advertising [Cal. Bus. Code § 17500, *et seq*.]**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

1      1.    Plaintiff Optima Tax Relief, LLC ("Optima"), by and through its

2  attorneys, and for a Complaint against the Defendants, states and alleges as follows:

3  **I.      SUMMARY OF ACTION**

4      2.    This is an action arising out of defendants' wrongful use of a

5  misleading, confusing, and infringing copy of Optima's most effective and widely

6  used advertising webpage. Optima operates both a website homepage and numerous

7  advertising webpages located under the domain optimataxrelief.com. It is on these

8  webpages that Optima promotes and offers its tax relief services to numerous

9  consumers. Among these webpages is a distinctive and arbitrary design of an

10  advertising landing page that is dynamically optimized for desktop and mobile

11  devices. Defendants have contributed to and profited from a wrongful copy of

12  Optima's landing page and published it at tax-relief-experts.com (the "Infringing

13  Website"), using this wrongful copy to benefit from a false association with Optima,

14  a market leader in the Tax Relief Industry.

15      3.    The Infringing Website is owned and operated by Channel Clarity, Inc.

16  and Channel Clarity Holdings, LLC (collectively "Channel Clarity"), which act

17  together as a marketing company that use the Infringing Website to falsely pose as a

18  tax relief service so it can develop and find "leads" or potential clients. Channel

19  Clarity then passes the "leads" or information from the potential customers to its co-

20  owned lead refiner, Financial Freedom Advisors, LLC, which receives customer

21  inquiries and prepares them to sign up for tax debt relief services with Safe Harbor

22  Financial Consulting, LLC, a direct competitors with Optima. Optima is informed

23  and believes that Financial Freedom and Safe Harbor are aware of, complicit in, and

24  have induced and/or provided material assistance to Channel Clarity in its

25  infringement of Optima's rights, including but not limited to directing Channel

26  Clarity to copy Optima's successful websites and advertising operations.

27

28

## II.    PARTIES

4.    Plaintiff Optima is a Delaware Limited Liability Company with its principal place of business at 3100 South Harbor Boulevard, Suite 250, Santa Ana, California.

5.    Defendant Financial Freedom Advisors, LLC ("Financial Freedom") is an Illinois limited liability company, also having its principal place of business at 215 West Ohio Street, 6th Floor, Chicago, IL 60601.

6.    Defendant Safe Harbor Financial Consulting, LLC ("Safe Harbor") is an Illinois Limited Liability Company, having previously maintained a principal place of business and corporate headquarters at 939 West North Avenue, Suite 750, Chicago, IL 60642, and currently having a secondary place of business at 2480 W. 26th Avenue, Suite 120-B, Denver, CO 8021.

7.    Defendant Brock Flagstad is the CEO and majority owner of Channel Clarity and the owner and manager of Financial Freedom.

8.    Defendant Brian Barss is the lead salesperson for Financial Freedom.

## III.    JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. § 1121, under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*., and under 28 U.S.C. §§ 1331 and 1338(a).  Subject matter jurisdiction over Optima's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338(b) and 1367.

10.    This Court has personal jurisdiction over Defendants because Defendants have targeted their harmful acts and infringement at Optima's business in this district.  On information and belief, this Court further has jurisdiction over Defendants because they availed themselves of the opportunity to conduct business in California through their use of the Infringing Website in order to solicit tax relief customers within this District and their knowing support of Channel Clarity's operation of the Infringing Website.

11.     This district is the proper venue pursuant to 28 U.S.C. § 1391 because Plaintiff resides herein, a substantial part of the acts or omissions giving rise to Optima's claims occurred in this District, on information and belief, Defendants are subject to jurisdiction within the district, do business in this District, and used the Infringing Website at issue in this case as part of sales and offers to sell within this District.

## IV.   GENERAL ALLEGATIONS

### A.     Optima's Business and Website.

12.     Founded more than three years ago, Optima is one of the leading tax resolution firms in the nation.  Optima and its team of representatives, enrolled agents, tax attorneys, and other tax professionals have shared a single goal since Optima's inception - to help Americans nationwide deal with aggressive collection policies of the State and Federal tax agencies.  The vast experience of the knowledgeable, friendly, and experienced Tax Team at Optima works with Optima's clients to discuss and understand each individual case, analyze the results, and propose the best course of action to take away the burdens caused by tax problems, bring the client within compliance, and create solutions that work.

13.     In doing so, Optima puts great emphasis on its personal customer service and experienced professional staff to keep clients informed and empowered throughout the entire process.  Optima's passion and dedication to Customer Service is at the heart of its ten Core Values.

14.     Optima leverages its core competencies in Tax Negotiation & Settlement, Audit Defense, Tax Levies & Liens, Wage Garnishment, Back Taxes, and End Penalties & Interest in order to provide its clients with excellent service geared to the resolution of the clients' tax problems.  Optima's "Two Phase" Approach of Investigation and Resolution is designed to stop aggressive tactics by tax agencies, gather and file all of the necessary documentation for full compliance,

build a case to support an optimal resolution strategy, and present the clients' case to the tax agency for the best attainable financial outcome.

15.     When clients with tax problems choose Optima, they get in-house tax professionals with years of experience that won't outsource the clients' problems to third parties, a 15 day money back satisfaction guarantee, a BBB accredited company, and the power of one of the leading tax resolution firms in the country.

16.     Optima's website, located at <u>optimataxrelief.com</u> (the "Optima Website"), is an integral part of its marketing and outreach to potential clients and its communication with current clients. The Optima Website is used to provide clear information, helpful advice, a client communication portal, and a ready identification of the source of Optima's services.

17.     The most effective advertising page on the Optima Website for soliciting new clients is the desktop and mobile browser optimized landing page appearing at <u>app.optimataxrelief.com/first-step/</u> (the "Optima Landing Page"). The Optima Landing Page is a distinct page that drives the vast majority of Optima's online customer base and is the primary webpage Optima advertises on the Google, Yahoo!, and Bing search engines, such that consumers that view and click through Optima's search result advertisements are taken to the Optima Landing Page. Optima began use of the Optima Landing Page on or about September 13, 2013. It is from the success of this distinct website that Optima continues to achieve success with its online advertising efforts. A true and accurate screenshot of the Optima Landing Page is attached hereto as **<u>Exhibit A</u>**.

18.     The Optima Landing Page features multiple elements that comprise a distinctive non-functional trade dress "look and feel" or aesthetic whole that distinguishes the Optima Landing Page from the web advertising of third parties and signifies Optima as the source of the advertising and services provided thereunder. The Optima Landing Page further incorporates original expressions of the ideas and content contained therein. As a result, the Optima Landing Page is eligible for

protection under the Lanham Act and the Copyright Act. Furthermore, the U.S. Copyright Office issued Optima the Federal Copyright Registration number VA0001938343 for the Landing Page as "Optima Tax Relief Multistep Landing Page Q3 2013" on or about December 2, 2014.

19. Optima also uses the Optima Website to give away some advice on its website in order to help those seeking tax relief. Optima provides both a frequently asked questions section to describe its services and the kind of lawful tax help that its customers can find from Optima or other reputable professionals, and an article warning of the dangers of unscrupulous companies that prey on the vulnerable people seeking tax relief. Among those companies to be wary of, Optima warns of companies that (1) require large upfront payments without satisfaction guarantees; (2) misrepresent the likelihood of Offer in Compromise settlements (which only 1 of every 3 or 4 applicants receive); (3) those that pretend to provide tax relief services but are actually just marketing companies that sell customers' information to third parties without any control or input on the actual service that the customer receives; and (4) the outright fraudsters that steal, cheat, and lie to their customers, taking their money and providing no real services in return.

**B.      The Infringing Website and Misleading Advertising.**

20. Channel Clarity and Financial Freedom act as a marketing company for Safe Harbor. As part of their marketing efforts, Channel Clarity publishes a website at tax-relief-experts.com (the "Infringing Website") which is clearly copied from the Optima Landing Page. On information and belief, Channel Clarity has further purchased paid search results advertising that create sponsored links to the Infringing Website which are placed with search engines such as Google, Bing, and Yahoo (in the majority of cases either directly above or below links to the Optima Landing Page), causing consumer confusion and direct harm to Optima's brand and advertising platform. A true and correct screenshot of the Infringing Website is attached hereto as **Exhibit B**.

21.     Channel Clarity's copying of the Optima Landing Page is readily apparent when the Infringing Website is compared and contrasted with the vastly different advertisement that was previously published by Channel Clarity (for the benefit of Financial Freedom and Safe Harbor) at the same address until at least July 2014 ("Defendants' Old Website."). A true and correct version of Defendants' Old Website as it appeared and was published at tax-relief-experts.com on or about July 25, 2014 is attached hereto as **Exhibit C**. On information and belief, Channel Clarity replaced Defendants' Old Website with the Infringing Website on or about September 2014, approximately one year after Optima began use and publication of the Optima Landing Page.

**C.     Defendants Use Optima's Landing Page to Have Channel Clarity Redesign Tax Relief Experts.**

22.     Prior to the launch of the Infringing Website, in or about 2013, Safe Harbor sent information regarding its competitors in the tax relief industry to Financial Freedom. This communication identified Optima as one such competitor. Following this communication from Safe Harbor, Brock Flagstad, CEO of Channel Clarity and the owner of Financial Freedom, reviewed Optima's websites.

23.     In a subsequent January 2014 email with the subject line "interesting", Brian Barss of Financial Freedom passed additional analysis of Optima to Brock Flagstad's Channel Clarity email account. The email specifically pointed to the BBB review of Optima, noting 15 new complaints between March 2013 and January 2014. Barss then estimated Optima received "probably a complaint for every MM they're making per/mo." A true and correct copy of this January 2014 email (as produced by Channel Clarity) is attached hereto as **Exhibit D**.

24.     Prior to the launch of the Infringing Website, and after prompting from Financial Freedom's Barss and the competitor identification provided by Safe Harbor, Channel Clarity performed a "competitive analysis" of tax debt relief websites. As part of this process, Channel Clarity compiled a 35 page "Tax Debt

Site CRO Competitive Analysis Powerpoint Presentation."  Of the pages containing references to competitor websites, more than half include references to or pictures of Optima and Optima's Landing Page.  Among other points relating to the design the Optima Landing Page, Channel Clarity noted that:

- "OptimaTax / Supermoney have mobile responsive sites";
- Using pictures from the Optima Landing Page with commentary on a "1 Step At A Time Format" in which there are "Only 3 steps" and the 3rd step "You qualify" is smart"; and
- OptimaTax has no links on the homepage (except privacy policy & stuff at the very bottom).

A true and correct copy of Channel Clarity's "Competitive Analysis" (as produced by Channel Clarity) is attached hereto as **Exhibit E**.

25.    On information and belief, Channel Clarity made changes to the "Mobile Form" of the Infringing Website in line with instructions and prompting from Financial Freedom and Safe Harbor by copying the Optima Landing Page. Specifically, Rachael Pedersen, Channel Clarity's Campaign Account Manager, sent two screenshots of the mobile version of the Optima Landing Page to a Channel Clarity Website User Interface Designer with instructions to use the screenshots as examples of how to change the "Mobile Form" of the Infringing Website.  A true and correct copy of this message, as produced by Channel Clarity, is attached hereto as **Exhibit F**.

26.    On or about September 8, 2014, as part of an email chain discussing the creation of a mock-up replacement for the existing tax-relief-experts.com website, Channel Clarity's CEO, Brock Flagstad, sent stating: "I think I would rather see the initial test look more like this http://app.optimataxrelief.com/firststep/..." (*i.e.* the Optima Landing Page).  In response to Mr. Flagstad's direction to copy the Optima Landing Page, Neil Flinchbaugh, Channel Clarity's Web Optimization Manager, responded "Oh you mean change the whole site up—absolutely! Of all the tax sites

I've looked at I think that's the best one. I'll mock something up."  The next day, Mr. Flinchbaugh sent a "wireframe for a radical redesign" contained in two PDFs titled "Optima Test - Steps.pdf" and "Optima Test - Homepage.pdf."  In discussing these designs, Mr. Flinchbaugh admitted that "We might have to change some of the details in the copy and stuff" and specifically called out copying of Optima's Landing Page, stating "The little circle on the right with the arrow pointing up is meant to follow the screen the way Optima's does."  A true and correct copy of Mr. Flinchbaugh's September 8, 2014 and September 9, 2014 emails (as produced by Channel Clarity) are attached hereto as **Exhibit G**.

27.     Since the 2014 redesign of tax-relief-experts.com to copy the Optima Landing Page, Financial Freedom has generated hundreds of thousands of dollars in business for Safe Harbor using customers responding to the Infringing Website. Apart from any separate knowledge they may have had of Channel Clarity's copying of the Optima Landing Page, Financial Freedom and Safe Harbor became aware of Optima's claims of infringement in 2015, but have continued their material support for the underlying infringement by continuing to acquire ***all*** the customer leads generated from the Infringing Website.

**D.     Comparisons Show Defendants' Copying and Infringing.**

28.     The Infringing Website broadly copies and mimics both the expression and the look and feel of the Optima Landing Page, including but not limited to the following elements of a webpage designed to advertise Tax Relief services:

a.     A first screen comprised of a landscape background in blue with a curved green ground element at its bottom which is overlaid with centered textual elements including (1) the company name; (2) a toll free number; (3) a slogan in blue lettering saying the company will "Solve Your" tax problems; (4) the question "How much tax debt do you" have or owe in black text, directly above;

1
2

and (5) a white drop down menu box from which a visitor can select ranges of tax debt.



**Optima Landing Page**



**Defendants' Infringing Website**

Notably, Channel Clarity's Infringing Website uses a "Hero Image" (main image for the first section) that copies the Optima Landing Page's vector image of a blue horizon over a curved green field, rather than following the plan set forth in Channel Clarity's "Competitive Analysis" PowerPoint to alter its prior Hero Image from a photograph of "man who looks frustrated"  and instead follow the lead of

1  multiple competitors that that used a photographic "hero image of people who look
2  happy, carefree (especially with kids—sort of a "take care of your family"
3  message)."

4        b.    A subsequent section over a pale blue background describing a
5              process for tax relief with four steps arranged in a square [(1) a
6              free consultation step, (2) a step involving "protection", (3) a
7              step involving resolution with IRS, and (4) a "Case Closed"
8              step] using simple graphic symbols for each step.



**Optima Landing Page**          **Defendants' Infringing Website**

9
10
11
12
13
14
15
16
17
18
19
20
21

22        c.    A subsequent section over a blue background comprised of
23              customer "Success Stories" presented in two columns.
24  ///
25  ///
26  ///
27
28



Optima Landing Page                    Defendants' Infringing Website

d.     A second section with eight bullet points describing the services and relief that can be provided, including bullet points regarding Levies and Liens, Wage Garnishments, Tax Settlement, Tax Negotiation, and "Resolve Back Taxes."

Optima Landing Page                    Defendants' Infringing Website

e.     The webpage title: the Optima Landing Page's title is "Solve Your Tax Debt Problems- Optima Tax Relief."   Defendants' Infringing Website uses the confusingly similar title "Settle Your IRS Tax Debt."

f.     A section regarding reasons to select the publisher to provide tax relief services, including graphics and text referring to (1) BBB

1   accreditation; (2) an expert staff; (3) a Money Back Guarantee;

2   and (4) being "Safe & Trusted."



Optima Landing Page                    Defendants' Infringing Website

29.   Channel Clarity and Financial Freedom work together serve as an enhanced marketing lead generator for Safe Harbor, using the Infringing Website to obtain information and inquiries from consumers interested in tax relief services. Prior to the consumer information passing to Safe Harbor, Financial Freedom takes the leads generated from the Infringing Website published by Channel Clarity and uses information and marketing techniques provided by Safe Harbor to screen consumers.  Financial Freedom is operated from the same office space as Channel

1   Clarity, receives operational support from Channel Clarity, and is managed by

2   Channel Clarity's majority owner and chief executive officer, Brock Flagstad.

3        30.    Financial Freedom's involvement in the lead generation process is not

4   disclosed to consumers on the Infringing Webpage, obscuring the fact that consumer

5   information is exposed to Financial Freedom's employees, including Brian Barss.

6   Mr. Barss is subject to a restitution order based on his conduct in connection with a

7   criminal mortgage fraud scheme.  Financial Freedom, at Mr. Flagstad's direction,

8   serves as a special purpose entity and helps Mr. Barss to circumvent a criminal

9   restitution order by paying approximately two thirds of Mr. Barss' salary directly to

10   his wife.  Mr. Flagstad has admitted that Mrs. Barss is paid twice the salary of her

11   husband solely because "Brian has a restitution commitment that doesn't afford him

12   the ability to make more than" a certain amount, and that Mrs. Barss does "nothing"

13   for the money she is paid by Financial Freedom.

14        31.    Among other materials that Safe Harbor presented to Financial

15   Freedom was a list of Safe Harbor's competitors in the tax relief industry, including

16   Optima.  On information and belief, Safe Harbor instructed Financial Freedom and

17   Channel Clarity to create a website based upon Optima's trade dress.

18        32.    Neither Channel Clarity nor Financial Freedom employ actual tax relief

19   professionals or provide those services.  Instead, they use the Infringing Website to

20   obtain contact information for potential customers and vet those potential customers

21   before providing that information to Safe Harbor.  In exchange, Safe Harbor pays

22   Financial Freedom a set majority percentage of revenue generated from customers

23   provided by Channel Clarity and Financial Freedom.  All money transactions with

24   those consumers are handled by Safe Harbor.  In turn, Financial Freedom transfers

25   funds to Channel Clarity, nominally for both for the advertising that Channel Clarity

26   buys (including a percentage premium on the purchases) and a variable Marketing

27   Services fee, such that the majority of Financial Freedom's income from Safe

28   Harbor is transferred to Channel Clarity.

33.    Through this arrangement, Channel Clarity and Financial Freedom, both under the control of Brock Flagstad, act together as Safe Harbor's agent in maintaining, promoting, and using the Infringing Website for the purpose of finding clients for Safe Harbor.

### CLAIMS FOR RELIEF

### COUNT ONE—TRADE DRESS INFRINGEMENT

### 15 U.S.C. § 1125(a)(1)(A)

### Against Brock Flagstad

34.    Optima repeats and re-alleges each and every allegation above as if set forth fully herein.

35.    The design or trade dress of the Optima Landing Page, as shown on the Attached **Exhibit A** and as set forth above including the elements copies or aped by Channel Clarity at the direction and control of Brock Flagstad, including the overall look and feel of the Optima Landing Page, as a whole, is arbitrary and non-functional, and has become identified in the market as originating with Optima.

36.    As a result of the sales, advertising, and market position of Optima, the trade dress of the Optima Landing Page has developed and now has a secondary meaning and distinctive trade dress meaning to potential customers or clients, in that potential client have come to associate Tax Relief services bearing such trade dress with Plaintiff Optima.

37.    Subsequent to Optima's use and adoption of the above mentioned trade dress, Channel Clarity, at the direction and under the control of Brock Flagstad, by and through the Infringing Website, adopted advertising, trade dress, and a look and feel for their website that is identical or confusingly similar to the Optima Landing Page and trade dress, such that it misleads consumers to believe that the services provided by Channel Clarity's lead buyers (*i.e.* Safe Harbor) originate from, or are sponsored or endorsed by Optima.

38.    These confusingly similar aspects include, without limitation: the overall "look" of the Infringing Website, which is presented in a style and manner so as to be confusingly similar to the Optima Landing Page, including, without limitation, copying: the color combinations; the arrangement of elements, graphics, and text; the content and phrasing of the text; and other elements copying and mimicking the Optima Landing Page's creative construction.

39.    More specifically, the willful and complete duplication of the Optima Landing Page, advertising materials and the like, from the style and positioning of each creative element to the content of the text and images, including, without limitation, color combinations and fonts, resulted in the Infringing Website, which, as an almost exact replica of Plaintiff's Optima Landing Page, misleads customers to believe that Service provided to the customers "leads" sold (by Channel Clarity and Financial Freedom at that to competing tax service provider Safe Harbor originates from or is endorsed by Optima.

40.    As a direct and proximate result of the wrongful acts as alleged herein, Channel Clarity and Brock Flagstad obtained unlawful profits for themselves and/or others to the express detriment of Optima.  Optima is entitled to restitution of all monies improperly diverted from Optima and to Channel Clarity for its sale of potential customers or leads acquired as a result of the Infringing Website.

41.    By reason of Channel Clarity and Brock Flagstad's acts set forth above, Optima has been severely injured in its business and property.  The injury to Optima is, and continues to be, immediate and irreparable.  An award of monetary damages alone cannot fully compensate Optima for its injuries and Optima lacks an adequate remedy at law.

42.    Plaintiff Optima is informed and believes, and on that basis alleges, that Channel Clarity and Brock Flagstad committed their copying and acts of trade dress infringement willfully and maliciously in that they intended by their infringing conduct to gain business and a share of the Tax Relief customers in the marketplace

at the expense of Optima's profits and market share. The foregoing acts of infringement have been, and continue to be, deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

## COUNT TWO—COPYRIGHT INFRINGEMENT

### 17 U.S.C. Secs. 106 *et seq.* and 501

### Against Brock Flagstad

43. Optima repeats and re-alleges each and every allegation above as if set forth fully herein.

44. The Optima Website and the Optima Landing Page therein are original, creative works that constitutes copyrightable subject matter under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* Optima has secured the exclusive rights and privileges in and to the above referenced copyrighted work, and in compliance with the law has registered the Optima Landing Page in the Register of Copyrights as "Optima Tax Relief Multistep Landing Page Q3 2013", Registration Number VA0001938343, which constitutes prima facie evidence of the validity of the copyrights in the work and of the facts stated therein. At all relevant times, Optima has owned all applicable rights, titles and interest in and to this copyrighted work.

45. On information and belief, Channel Clarity and its CEO Brock Flagstad were aware of and had viewed the original and creative content embodied within the Optima Landing Page, and then subsequently altered the Infringing Website in order to copy the protected and copyrightable elements of the Optima Landing Page. Specifically, Brock Flagstad directed that revisions to tax-relief-experts.com should make it look like the Optima Landing Page by sending links directly to the URL of the Optima Landing Page, after being informed of Optima's success in the tax relief industry, and by approving redesigns that copied the protected expressions therein.

46. By its actions alleged in the paragraphs above, Brock Flagstad has directed Channel Clarity to infringe and will continue directing Channel Clarity to infringe Optima's copyright in the Optima Website and the Optima Landing Page

by, *inter alia*, copying, publicly displaying, and distributing the Infringing Website, which is substantially similar to and derived from the Optima Landing Page, without any authorization or other permission from Optima.  Mr. Flagstad has directly participated in and directed Channel Clarity to violate Optima's exclusive rights under 17 U.S.C. § 106.

47.    On information and belief, Mr. Flagstad's infringement of Optima's copyrights has been deliberate, willful and in utter disregard of Optima's rights.

48.    Mr. Flagstad has caused Channel Clarity and Financial Freedom to realize unjust profits, gains and advantages as a proximate result of his instruction to infringe, and he and his companies will continue to realize unjust profits, gains and advantages as a proximate result of its infringement as long as such infringement is permitted to continue.

49.    As a direct and proximate result of Defendants' willful copyright infringement, Optima has suffered, and will continue to suffer actual damages. Optima is entitled to its actual damages and any gains, profits, and advantages obtained by Defendants as a result of their acts of infringement and its use and publication of the copied materials, 17 U.S.C. § 504(b).

50.    Optima has no adequate remedy at law for the injuries currently being suffered, and the additional injuries that are threatened, and Channel Clarity will continue to engage in its wrongful conduct and Optima will continue to suffer irreparable injury that cannot be adequately remedied at law unless Defendants are enjoined from engaging in any further such acts of infringement. Optima is entitled to an injunction restraining Defendants from engaging in any further such acts in violation of the United States copyright laws, 17 U.S.C. § 502.

///

///

///

///

## COUNT THREE—CONTRIBUTORY TRADE DRESS INFRINGEMENT

## 15 U.S.C. § 1125(a)(1)(A)

### Against Financial Freedom, Safe Harbor, and Brian Barss

51. Optima repeats and re-alleges each and every allegation above as if set forth fully herein.

52. As set forth above, the design or trade dress of Plaintiff's Optima Landing Page, as shown on the Attached **Exhibit A** and as set forth above including the elements copies or aped by Channel Clarity at the direction of Brock Flagstad, including the overall look and feel of the Optima Landing Page, as a whole, is arbitrary and non-functional, and has become identified in the market as originating with Optima.

53. On information and belief, Safe Harbor is a direct competitor of Plaintiff Optima that pays Financial Freedom directly (and Channel Clarity indirectly) for "leads" or information regarding potential clients from Channel Clarity's Infringing Website. Further on information and belief, the Financial Freedom, Brian Barss, and Safe Harbor have knowledge of Optima's arbitrary and distinctive trade dress (as Optima is the leading Tax Relief service in the country) and have knowledge of Channel Clarity's copying and infringement of Optima's trade dress, due to having pointed out Optima as a successful competitor in the tax debt relief industry. Despite this knowledge, Safe Harbor, Brian Barss, and Financial Freedom have continued to provide material support to Channel Clarity and/or inducement for Channel Clarity to continue its infringement of Optima's trade dress as embodied on the Optima Landing Page by continuing to purchase leads generated through the Infringing Website, among other acts of support and inducement.

54. On information and belief, the acts of Financial Freedom, Safe Harbor, and Brian Barss in supporting Channel Clarity's infringement of Optima's trade dress have been deliberate, willful, and intentional, with full knowledge and/or in

conscious disregard of Plaintiff Optima's rights in its trade dress and with intent to trade off Optima's vast goodwill for their own benefit.

55.     As a result of the foregoing actions of Financial Freedom, Safe Harbor, and Brian Barss, these defendants are being unjustly enriched and Optima is being injured and damaged. Unless enjoined by this Court, the Financial Freedom, Safe Harbor, and Brian Barss will continue to engage in the aforesaid acts of contributory trade dress infringement, thereby causing Plaintiff Optima irreparable injury for which it has no adequate remedy at law.

## COUNT FOUR—DERIVATIVE COPYRIGHT INFRINGEMENT
### Against Financial Freedom and Safe Harbor

56.     Optima repeats and re-alleges each and every allegation above as if set forth fully herein.

57.     As set forth above, the Optima Landing Page is an original, creative works that constitutes copyrightable subject matter under the Copyright Act, 17 U.S.C. §§ 101 *et seq*.  Optima has secured the exclusive rights and privileges in and to the above referenced copyrighted work, and in compliance with the law has registered the Optima Landing Page in the Register of Copyrights as "Optima Tax Relief Multistep Landing Page Q3 2013", Registration Number VA0001938343, which constitutes prima facie evidence of the validity of the copyrights in the work and of the facts stated therein. At all relevant times, Optima has owned all applicable rights, titles and interest in and to this copyrighted work.

58.     As set forth above, Financial Freedom and Safe Harbor have contributed to the direct infringement of the Optima Landing Page, inducing, causing, or materially contributing to the infringement.  Financial Freedom and Safe Harbor have continued their relationship with the Infringing Website and directly benefitted from its publication with full knowledge of the infringement.  Financial Freedom and Safe Harbor have continued to take in *all* customers generated by the Infringing Website, paying Channel Clarity to continue its infringement.

59.     On information and belief, as a result of their control over payments to Channel Clarity for "leads" generated by the Infringing Website, and due to their prior direction of Channel Clarity to copy the Optima Landing Page, both Financial Freedom and Safe Harbor have had the right and ability to control the infringing activity by Channel Clarity, but have allowed it to continue in order to obtain a direct financial benefit from the infringement.

60.     On information and belief, Safe Harbor and Financial Freedom's contribution to the direct infringement of Optima's copyrights has been deliberate, willful and in utter disregard of Optima's rights.

61.     Safe Harbor and Financial Freedom have realized unjust profits, gains and advantages as a proximate result of their contribution to the infringement, and they will continue to realize unjust profits, gains and advantages as a proximate result of its infringement as long as such infringement is permitted to continue.

62.     As a direct and proximate result of Defendants' willful inducement of and contribution to copyright infringement, Optima has suffered, and will continue to suffer actual damages. Optima is entitled to its actual damages and any gains, profits, and advantages obtained by Defendants as a result of their acts of infringement and its use and publication of the copied materials, 17 U.S.C. § 504(b).

63.     Optima has no adequate remedy at law for the injuries currently being suffered, and the additional injuries that are threatened, and defendants will continue to engage in its wrongful conduct and Optima will continue to suffer irreparable injury that cannot be adequately remedied at law unless defendants are enjoined from engaging in any further such acts of infringement. Optima is entitled to an injunction restraining defendants from engaging in any further such acts in violation of the United States copyright laws, 17 U.S.C. § 502.

///

///

///

## COUNT FIVE—UNFAIR COMPETITION- FALSE ADVERTISING

## 15 U.S.C. § 1125(a)(1)(B) *et seq.*

### Against All Defendants

64.     Optima repeats and re-alleges each and every allegation above as if set forth fully herein.

65.     The Infringing Website is a commercial advertising or promotion in connection with services actually provided by Safe Harbor.  As set forth above, the Infringing Website that presents a false designation of origin of such services by adopting the trade dress of Optima in a manner likely to cause confusion or mistake as to the affiliation and misleading descriptions and

66.     Defendants have willfully and knowingly made use of the Infringing Website, an infringement of Plaintiff's distinctive and arbitrary trade dress and its creative work in the advertisement in order to improperly trade on Optima's renown and good will.

67.     The Infringing Website further misrepresents the nature, characteristics, qualities, or geographic origin of the services and commercial activities advertised therein by (1) portraying the source of the advertisement as a provider of Tax Relief services with its own staff of tax professionals rather than a lead generator, the Infringing Website misleadingly attributes the approvals, affiliations, and endorsements (including the A+ BBB rating with "ZERO complaints") for Tax-Relief-Experts (published by Channel Clarity) to Financial Freedom (specifically including an endorsement of "Brian" (i.e. Brian Barss) claiming that he actually provided tax relief services) and/or Safe Harbor, preventing the public from evaluating the true credentials of the hidden middleman and tax relief service provider before providing their information; and (2) making statements such as "lower the amount you have to pay" and "Settle your tax debt once and for all," that mislead the public into believing that the defendants can get all of their clients Offer

1  in Compromise settlements to reduce the principal amount owed to the IRS or other

2  tax agencies.

3       68.    Defendants have acted together to use the Infringing Website to obtain

4  clients in direct competition with Optima.  On information and belief, customers that

5  would otherwise select Optima for the provision of tax relief services have

6  contracted with Safe Harbor for the provision of tax relief services as a result of the

7  misleading and confusing Infringing Website.

8       69.    As a result of the foregoing actions of Defendants, Defendants have

9  been unjustly enriched, and Plaintiff Optima has been injured and damaged. Unless

10  enjoined by this Court, Defendants will continue said acts of unfair competition,

11  thereby causing Plaintiff Optima immediate and irreparable injury for which there is

12  no adequate remedy at law.

13  <u>**COUNT SIX—UNFAIR BUSINESS PRACTICES**</u>

14  <u>**BUS & PROF. CODE § 17200 *et seq.***</u>

15  <u>**Against All Defendants**</u>

16       70.    Optima repeats and re-alleges each and every allegation above as if set

17  forth fully herein.

18       71.    Beyond the other acts set forth above, Defendants have willfully and

19  knowingly made use of an infringement of Plaintiff's distinctive and arbitrary trade

20  dress and its creative work in the advertisement in order to improperly trade on

21  Optima's renown and good will.

22       72.    Defendants further improperly maintain the fraud that the entity

23  maintaining the Infringing Website is the same entity that actual provides tax relief

24  services to the potential customers providing their information at the Infringing

25  Website.  In so doing, Defendants also hide from consumers that Financial Freedom

26  (through its primary salesperson Brian Barss) acts as a hidden middleperson that

27  collects sensitive tax and financial information from consumers that engage with the

28

1  Infringing Website and then Financial Freedom passes such information to Safe
2  Harbor.

3       73.    As a cause of action and ground for relief, Plaintiff Optima alleges that
4  Defendants jointly and severally are engaged in unlawful, unfair, and or fraudulent
5  business practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq*.

6       74.    As a direct result of Defendants' unfair competition, Defendants have
7  unlawfully acquired, and continue to acquire on an ongoing basis, an unfair
8  competitive advantage and have engaged, and continue to engage, in wrongful
9  business conduct to their advantage and to the detriment of Plaintiff Optima.

10       75.    The acts of Defendants complained of herein constitute unfair
11  competition in violation of the California Unfair Competition Statute, Cal. Bus. &
12  Prof. Code § 17200, as they are likely to deceive and mislead the public.

13       76.    As a result of the foregoing actions of Defendants, Defendants have
14  been unjustly enriched, and Plaintiff Optima has been injured and damaged. Unless
15  enjoined by this Court, Defendants will continue said acts of unfair competition,
16  thereby causing Plaintiff Optima immediate and irreparable injury for which there is
17  no adequate remedy at law.

18  **COUNT SEVEN—FALSE ADVERTISING**
19  **BUS & PROF. CODE § 17500 *et seq*.**
20  **Against All Defendants**

21       77.    Optima repeats and re-alleges each and every allegation above as if set
22  forth fully herein.

23       78.    Channel Clarity and the Defendants have committed acts of untrue and
24  misleading advertising, as defined by Business and Professions Code section 17500,
25  by engaging in the acts and practices connected with their publishing and/or
26  contributing to the publishing of Channel Clarity's Infringing Website with the
27  intent to induce members of the public to provide information to Channel Clarity,
28  which in turn provides the information to Financial Freedom, who then uses the

information to generate screened leads which are sold to Safe Harbor for a percentage of the value of the resulting contractual relationships with Safe Harbor for its provision of Tax Relief services.

79. The acts of misleading and untrue advertising by Channel Clarity and the Defendants present a continuing threat to the members of the public, including the following dangers:

      a.   the Infringing Website falsely gives the impression that it is published by, endorsed by, or otherwise affiliated with plaintiff Optima;

      b.   the Infringing Website portrays the source of the advertisement as a provider of Tax Relief services with its own staff of tax professionals rather than a lead generator, the Infringing Website misleadingly attributes the approvals, affiliations, and endorsements (including the A+ BBB rating with "ZERO complaints") for Tax-Relief-Experts (published by Channel Clarity) to Financial Freedom (specifically including an endorsement of "Brian" (i.e. Brian Barss) claiming that he actually provided tax relief services) and/or Safe Harbor, preventing the public from evaluating the true credentials of the hidden middleman and tax relief service provider before providing their information; and

      c.   Through the Infringing Website's statements such as "lower the amount you have to pay" and "Settle your tax debt once and for all," Channel Clarity and the defendants mislead the public into believing that the defendants can get all of their clients Offer in Compromise settlements to reduce the principal amount owed to the IRS or other tax agencies.

80.    Plaintiff and the public have no adequate remedy at law to prevent the ongoing harm caused by Defendants' misleading and untrue advertising in connection with the publication of the Infringing Website.  Unless enjoined by this Court, the defendants will continue said acts of misleading and false advertising, thereby causing Plaintiff Optima immediate and irreparable injury for which there is no adequate remedy at law

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Optima Tax Relief requests that:

1.    Judgment be entered for Plaintiff Optima Tax Relief on each of its affirmative claims for relief;

2.    Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them be immediately and permanently enjoined from:

a.    Infringing plaintiff's trade dress by copying and using Defendant's Infringing Website or any colorable imitation of plaintiff's trade dress;

b.    Infringing Plaintiff Optima's copyrights by continuing to publish and disseminate the Infringing Website or any other derivative work of the Optima Landing Page or any other part of the Optima Website;

c.    Continuing to mislead or deceive the public about the nature of the relationship between Channel Clarity and the Defendants who purchase leads for tax relief service;

d.    Doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers, consumers, or investors into the belief that the products or services promoted, offered, or sponsored by Defendants emanate from or originate with Plaintiff Optima or

1              their licensees, or are somehow sponsored, licensed, endorsed,

2              authorized, affiliated, or connected with Plaintiff and/or originate

3              from Plaintiff; and

4       e.    Contributing to, inducing to, or providing material support to

5              others for their acts constituting any of the above acts.

6       3.    For actual damages and an accounting according to proof, but in no

7   event less than $1,000,000;

8       4.    Defendants to be required to pay to plaintiff such damages as plaintiff

9   has sustained in consequence of the infringement of Optima's trade dress and

10  copyright and Defendants' unfair trade practices and unfair competition, and to

11  account for:

12      a.    All gains, profits and advantages derived by Defendants through

13             such trade practices and unfair competition; and

14      b.    All gains, profits and advantages derived by Defendants through

15             the Infringing Website's infringement of Optima's copyright, or

16             such damages as to the court shall appear proper.

17      5.    Defendants pay to Optima the costs of this action and reasonable

18  attorney's fees to be allowed Optima by the court;

19      6.    Optima be awarded prejudgment and post-judgment interest; and

20      7.    Optima have such other and further relief in law or equity to which it

21  may be entitled or which the Court deems just and proper.

22  DATED: August 19, 2015        Respectfully submitted,

23             RAINES FELDMAN, LLP

24

25      By: _____

26          ERIK S. SYVERSON

27      Attorneys for Plaintiff

        OPTIMA TAX RELIEF, LLC

28

1

## **DEMAND FOR JURY TRIAL**

2

        Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal

3

Rules of Civil Procedure and L.R. 38-1.

4

DATED: August 19, 2015        Respectfully submitted,

5

6

                     RAINES FELDMAN, LLP

7

By: _____

8

       ERIK S. SYVERSON

9

Attorneys for Plaintiff
OPTIMA TAX RELIEF, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28